**Kevin VEAL Plaintiff,**

v.

**UNITED STATES of America Defendant.**

**No. 01 CIV. 8033(SCR).**

United States District Court, S.D. New York.

May 27, 2004.

---

Kevin Veal, F.C.I. Elkton, Lisbon, OH, Pro Se.

## ORDER

ROBINSON, District Judge.

### I. *INTRODUCTION:*

On or about July 30, 2001, Kevin Veal (the "Plaintiff") initiated this action against the United States of America.[1] The Plaintiff seeks to vacate his criminal conviction pursuant to 28 U.S.C. § 2255. At the commencement of this action, this case was assigned to United States District Judge Barrington D. Parker, Jr. On September 20, 2001, Judge Parker issued an order denying the Plaintiff's motion to vacate. Further, Judge Parker found that any appeal of the order would not be taken in

1. This matter is assigned Civil Docket Number 01 Civ. 8033; however, some pertinent

good faith. Accordingly, the Plaintiff's petition was denied and the case was closed.

On or about October 17, 2001, the Plaintiff made a motion for reconsideration of Judge Parker's order. Additionally, on or about November 20, 2001, the Plaintiff sought to appeal Judge Parker's decision to the Court of Appeals for the Second Circuit. The Second Circuit dismissed the Plaintiff's appeal on or about June 12, 2002 because his "motion for reconsideration was filed within 10 days of entry of the judgment and the district court has not disposed of that motion, [the Plaintiff's] notice of appeal has not yet become effective." Subsequently, the Plaintiff filed a motion on about July 2, 2002 requesting an expedited decision on his motion for reconsideration.

Judge Parker was elevated to the Court of Appeals for the Second Circuit in October 2001. This case was designated closed and has not been formally reassigned to this Court. In May 2004, this Court received a communication from the *pro se* office indicating that the Plaintiff's appeal to the Second Circuit could not proceed while the Plaintiff's motion to reconsider remained pending. Accordingly, this Court has endeavored to review and decide such motion.

### II. *STANDARD OF REVIEW:*

The Second Circuit has consistently found that the proper standard of review to be performed by a District Court when evaluating a motion for reconsideration is "abuse of discretion." *See e.g. Devlin v. Transp. Communications Int'l. Union*, 175 F.3d 121, 131–32 (2d Cir.1999) *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998). The "abuse of discretion" standard is one of the

documents were filed under the Plaintiff's underlying Criminal Docket Number 97 Cr. 544.

most deferential standards of review. *In re Bolar Pharm. Co.*, 966 F.2d 731, 732 (2d Cir.1992) (per curiam). In order to prevail, a party must show that the court over looked controlling decisions or factual matters. *Eisemann v. Greene*, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam).

### III. *ANALYSIS:*

█ In connection with this Court's review and decision, it has considered the following documents: (1) the Plaintiff's Motion for an Expedited Decision on Reconsideration dated on or about July 2, 2002; (2) the Plaintiff's Memorandum in Support of his Motion for an Expedited Decision on Reconsideration dated on or about July 2, 2002; (3) Dismissal from Second Circuit dated on or about June 12, 2002; (4) the Plaintiff's Notice of Appeal to the Second Circuit dated on or about November 20, 2001; (5) the Plaintiff's Motion for Reconsideration dated on or about October 17, 2001; (6) the Plaintiff's Memorandum of Law in Support of his Motion for Reconsideration; (7) Judge Parker's Decision and Order dated on or about September 20, 2001; and (8) the Plaintiff's Petition to Vacate his Sentence, including his Memorandum of Law in Support of Motion to Vacate dated on or about August 27, 2001.

Based upon a thorough review of each of the above documents, including Judge Parker's Decision and Order, this Court finds that Judge Parker did not 'abuse his discretion.' Further, the Plaintiff has not established that Judge Parker overlooked any controlling decisions or factual matters. Accordingly, the Plaintiff's motion for reconsideration of Judge Parker's Decision and Order is denied.

### IV. *CONCLUSION:*

For all of the reasons set forth more fully above, the Plaintiff's motion to recon-sider Judge Parker's Decision and Order is denied.

It is so ordered.